03-62200.o1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-62200-CIV-COOKE

JESSICA MELBOURNE,

    Plaintiff,

vs.

AUGMAT MONTILLA INTERNATIONAL,
INC., A Florida Corporation, COSTA CRUISE
LINES, N.V. LLC, a foreign limited liability
company, and COSTA CROCIERE S.P.A.
    Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE

    **This matter** is before this Court on plaintiff's Motion to Strike the amended motion for summary judgment, contained in Plaintiff's Response filed September 27, 2006. The Court has considered the motion, the "response" (which is defendant's reply), and all pertinent materials in the file.

    Plaintiff misapprehends the local rule she is relying on for the relief sought. The rule precludes the filing of multiple motions for <u>partial</u> summary judgment (emphasis added). The purpose of this rule (see 1997 Comments) is to prevent a party for acting "to evade page limitations". No such act is involved in this amended motion, which is being filed because it was not addressed on the merits, in the first place. As plaintiff, herself notes, this motion is "on the exact issue that was presented in the original Motion for Summary Judgment" (page 2 of this motion).

    In addition, plaintiff apparently chooses to ignore Judge Cooke's order denying the

1

original motion for summary judgment of December 15, 2006, regarding the following language "[T]he Defendant may renew its Motion for Summary Judgment at the close of factual discovery".

Finally, plaintiff's reliance on the case of Williams Island Synagogue v. City of Aventura, 2004 U.S. Dist. LEXIS 23293 (S.D. Fla.) is grossly misguided. That case is not close to similar to the instant case. While the case does refer to the local rule discussed, apparently overlooked by counsel is the fact that "[T]he Court provided Plaintiff the opportunity to withdraw this motion, and advised Plaintiff that failure to withdraw this motion would bar Plaintiff from filing subsequent motion for partial summary judgment...". Plaintiff declined and the Court ultimately considered the motion and denied same. Nothing vaguely approaching that situation exists in this case. In Williams the Court considered the merits of the motion. In the instant case it is obvious it did not.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion to strike be and the same is hereby **DENIED**.

**DONE AND ORDERED** this 17th day of October, 2006, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Marcia G. Cooke