03-62200.oc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-62200-CIV-COOKE

JESSICA MELBOURNE,

 Plaintiff,

vs.

AUGMAT MONTILLA INTERNATIONAL,
INC., A Florida Corporation, COSTA CRUISE
LINES, N.V. LLC, a foreign limited liability
company, and COSTA CROCIERE S.P.A.
 Defendants.
_____/

## ORDER DENYING AMENDED MOTION FOR SUMMARY JUDGMENT

**This matter** is before this Court on Defendant Augmar Montilla International, Inc.'s Amended Motion for Summary Judgment, filed September 22, 2006. The Court has considered the motion, the original response, the original reply, and all pertinent materials in the file.

Plaintiff, a dancer, was under contract with defendant to dance in shows on a cruise ship. She allegedly was injured when a stage manager allegedly was negligent. Defendant Augmar Montilla Inernational, Inc. was the production company that produced shows for Costa Cruise Lines.

The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee's note). Summary judgment is proper only when no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002).

1

The moving party bears the initial burden of explaining to the Court the basis for the motion and identifying those portions of the record that demonstrate that there is no genuine issue of material fact. United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991). Thus the movant must either show that the nonmoving party has no evidence to support its case, or present "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." Id. at 1438; Young v. City of Augusta, 59 F.3d 1160, 1170 (11th Cir. 1995). The Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable inferences also being drawn in the nonmovant's favor. Info. Sys. & Networks, 281 F.3d at 1224; Four Parcels of Real Prop., 941 F.2d at 1437. If the movant is able to demonstrate either of the aforementioned requirements, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. Four Parcel of Real Prop., 941 F.2d at 1438.

A genuine issue as to material fact exists only when "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Four Parcel of Real Prop., 941 F.2d at 1437; Info. Sys. & Networks, 281 F.3d at 1224. The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. Anderson, 477 U.S. at 247. An issue of fact is material if it "might affect the outcome of the suit under the governing law." Id. at 248. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989). However, if the facts and inferences overwhelmingly favor one side, such that a reasonable jury could only arrive at one verdict, then summary judgment must be granted as a matter of law. Williams v. Dresser Indus., Inc., 120 F.3d 1163, 1167 (11th Cir. 1997). For the

nonmovant to survive such a grant, there must be more than a mere scintilla of evidence. Id.

This Court finds there are several factual issues that preclude the entry of summary judgment. The first of these is the question of whether plaintiff was an employee or an independent contractor. That question is not answered simply because the contract says "independent contractor." See, e.g., Wolf v. Coca-Cola Co., 200 F. 3d 1337, 1340 (11th Cir.2000). There are several factual factors to be considered and analyzed in making such a determination. See, e.g., id; Harrell v. Diamond A Entertainment, Inc., 992 F. Supp. 1343, 1348 (M.D. Fla. 1997); E.E.O.C. v. Dolphin Cruise Line, Inc., 945 F. Supp. 1550, 1556 (S.D. Fla. 1996).

Defendant's reliance on the case of Lockett v. Allstate Ins. Co., 364 F. Supp. 2d 1368 (M.D. Ga. 2005), is misplaced and misleading. Defendant cites that case for the proposition that "[w]here a contract of employment clearly denominates the other party as [an] (sic) independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control." Id at 1376. That is an accurate quote taken from the case (with the exception of the typo). However, the quote itself comes from an Eleventh Circuit case, Johns v. Jarrad, 927 F. 2d 551, 556 (11th Cir. 1991), which was itself quoting from a Georgia case applying Georgia law. See Bartlett v. Northside Realty Assoc., Inc., 191 Ga. App.10, 380 S.E. 2nd 744, 745 (1979). There has been no showing that this is the law applied at either the federal level, or in the state of Florida.

Defendant recognizes that plaintiff relies on E.E.O.C. v. Dolphin Cruise Line, Inc., but despite the similarities between that case and the instant one, it is never distinguished in the reply - at least as it regards the employee vs. independent contractor issue. Since there remain issues to be decided on the employee/independent contractor front, that leads to other possible remaining issues, such as the

amount of control exercised by defendant[1], etc., defendant's prior knowledge or lack thereof, and the question of the duty to provide a safe working environment.

Therefore, the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** this 25th day of October, 2006, at Miami, Florida.

*(signature)*

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

---

[1] Defendant's attempts to distance itself from control because "the tools are Melbourne's own body ..." or because "[t]he skill required of Melbourne as a dancer is a specialized skill ..." (page 5 of the reply), are, to be kind, "flimsy." If this were the case, then should professional athletes be considered independent contractors ??